## Employment of Physician by State Highway Patrol.

Koch, Dep. Att'y-Gen., Jan. 9, 1930.—This Department has been requested to advise you concerning the right of the officers of the State Highway Patrol to engage physicians as witnesses in prosecutions instituted for violations of Section 620 (f) of the Motor Vehicle Code of 1929, P. L. 905.

This section of the Code makes it a misdemeanor for any person to operate a motor vehicle while under the influence of intoxicating liquor, or of any narcotic drug, or to permit any person who may be under the influence of intoxicating liquor or any narcotic drug to operate any motor vehicle owned by him or in his custody or control.

Upon the apprehension of a person accused or suspected of a violation of the above section of the Vehicle Code it has been the practice to promptly have a physician examine the person alleged to have been under the influence of liquor or of a narcotic drug, and the opinion of said physician is generally made the basis of the prosecution. If the physician is of the opinion that the operator is not under the influence of intoxicating liquor or of a narcotic drug, no prosecution for the violation of Section 620 (f) is instituted.

Discontent has arisen among the medical fraternity because in many cases it has happened that a physician has examined a defendant, has been subpœnaed to appear in court and testify for the Commonwealth, and then fails to collect his fees. Ordinarily, a physician who is called to testify may be compensated only by the witness fees and mileage provided by statute.

Obviously, this is inadequate in the case of the average busy doctor, who is not only financially the loser but much of whose time is wasted by attendance at court waiting his turn to testify.

The Act of June 29, 1923, P. L. 973, authorizes any district attorney of the Commonwealth, or his assistants, or any officer directed by him, to incur expenses necessitated in the investigation of crime and the apprehension and prosecution of a person charged with or suspected of the commission of crime, and provides that such expense shall be paid by the respective counties, upon the approval of the bill of expense by the district attorney and the court of the county concerned. In a case where a defendant is convicted and sentenced to pay the costs of prosecution, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant. It seems to us that compliance with the terms of this act furnishes the solution to the present difficulty facing the State Highway Patrol. The co-operation of the several district attorneys of the Commonwealth can no doubt be secured and a workable arrangement be agreed upon between the district attorneys and the commanding officers of the several troops.

You will note that the Act of 1923 warrants the payment of necessary expenses incurred in the investigation of crime. This provision would, in our judgment, cover a case where an operator, suspected of driving while under the influence of intoxicating liquor, is examined by a physician but is found not to have been under the influence of intoxicating liquor, and, therefore, not liable to prosecution for a violation of Section 620 (f).

Where, after a prosecution has been instituted and the case has been returned to court, a nolle pros. is entered, generally either the costs are paid by the county or the entry of the nolle pros. is conditioned upon the payment of the costs by the defendant. In either of these cases, the doctor's fees can be taken care of in the manner provided by the Act of 1923.

From C. P. Addams, Harrisburg, Pa.